# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

WILLIAM ANTHONY SMITH, # 363-201   *

      *   Civil Action No. PWG-13-1118

Petitioner   *

v   *

DAVID R. BLUMBERG, Chairman   *
Maryland Parole Commission   *
TYRONE CROWDER, Warden of MRDCC   *

Respondent   *

    ***

## MEMORANDUM

William Anthony Smith filed this pleading under 42 U.S.C. § 1983, and requests damages for his allegedly unlawful detention at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") on a retake warrant for violating the terms of his probation. Additionally, he claims he has been denied access to the courts because of inadequate law library resources at MRDCC. The Court will grant his motion for leave to proceed in forma pauperis (ECF No. 2) for the purpose of preliminary review of the complaint.

The Court is required to screen prisoner complaints filed in forma pauperis and dismiss claims which fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also Neitzke v. Williams*, 490 U.S. 319 (1989) (stating claims which fail to state a claim may be dismissed *sua sponte*). In undertaking this review, this Court is mindful that it must liberally construe documents filed by self-represented litigants. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007). Even under this less stringent standard, the instant complaint is subject to summary dismissal.

First, Smith's claim for damages is premature. The Supreme Court has held "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254."[1] *Heck*, 512 U.S. at 486-87. In this case, petitioner provides no evidence his conviction, sentence, or violation of probation was invalidated. Consequently, this claim will be dismissed without prejudice.

Second, Smith has failed to state a claim on which relief can be granted in regard to the denial of access to the court claim. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts, however, is the right to bring to court a grievance, and violation of that right occurs only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). To present a claim of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury'

---

[1] It is unclear whether Smith intended to submit a hybrid § 1983 complaint and petition for writ of habeas corpus in this case. To the extent Smith might also intend to challenge his detention based on the denial of a timely hearing on his probation violation. the Clerk shall mail him a forms and information packet for filing a habeas corpus petition.

2

to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id*. at 353–55.

Smith provides no facts or evidence to establish that he has suffered harm in a pending or planned court action; he does not claim to have missed court deadlines or suffered actual injury as a result of the matters alleged and his general allegations are insufficient to state a claim of constitutional dimension. *See Cochran*, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Accordingly, a separate order dismissing this case follows.

_____  _____
Date             Paul W. Grimm
                 United States District Judge